IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOMINIQUE T. GULLEY,

              Plaintiff,

v.

HONORABLE STEPHEN ERIC EHLKE,

              Defendant.

OPINION and ORDER

11-cv-843-wmc

---

DOMINIQUE KELONDRE GULLEY,

             Plaintiff,

v.

WISCONSIN SECURE PROGRAM FACILITY,

              Defendant.

OPINION and ORDER

12-cv-207-wmc

---

    Dominique Gulley,[1] proceeding pro se, has been allowed to proceed without prepayment of costs and fees in these actions. The next step is determining whether Gulley's proposed actions are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Gulley has not met this hurdle with respect to case no. 11-cv-843-wmc, he will not be allowed to proceed in that action. Nor will Gulley be allowed to proceed with case no. 12-cv-207-wmc because he has failed to exhaust his administrative remedies with respect to that claim.

---

    [1] The court is reasonably certain the plaintiff in these cases is the same person since he provides the same prisoner identification number in both cases, leaving it unclear why Gulley provides the court with two different middle names in his two cases.

ALLEGATIONS OF FACT

In addressing any pro se litigant's complaint, the court must read the allegations to the complaint generously.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  For purposes of this screening order, the court assumes the following facts as alleged in the complaint:

- Plaintiff Dominque Gulley is an inmate at the Wisconsin Secure Program Facility located in Boscobel, Wisconsin.

- Defendant Honorable Judge Stephen Eric Ehlke is a circuit judge in Dane County.

- On September 27, 2010, Judge Ehlke sentenced Gulley to 11 years in prison and 13 years of probation.  Ehlke also denied his request to be confined in a mental health facility.

- Gulley has been confined at the Wisconsin Secure Program Facility since March 10, 2011.

- Gulley has complained to the warden that the isolation he faces in WSPF has exacerbated his mental illness, making it impossible to control himself and causing him to have suicidal thoughts.

OPINION

Gulley seeks monetary damages from defendant Ehlke in case no. 11-cv-843-wmc. Judge Ehlke is, however, absolutely immune from liability for his judicial acts, even when they act maliciously or corruptly.  *Mireles v. Waco*, 502 U.S. 9 (1991).  This immunity is not for the protection of the judge, but for the benefit of the public, which has an interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray*, 286 U.S. 547, 554 (1967).   Because Judge Ehlke was unquestionably

performing a judicial act when he sentenced Gulley, case no. 11-cv-843-wmc must be dismissed for failure to state a claim under federal law.

As for case no. 12-cv-207-wmc, Gulley seems to be alleging that the conditions of his current confinement are exacerbating his mental illness. If true, these allegations may support an Eighth Amendment claim against prison officials. *See, e.g., Jones-El v. Berge*, 164 F. Supp. 2d 1096, 1116 (W.D. Wis. 2001) (conditions may constitute cruel and unusual punishment when they "are so severe and restrictive that they exacerbate the symptoms that mentally ill inmates exhibit"). There are, however, two problems with his complaint.

First, Gulley admits that he "didn't use the grievance process because . . . someone from the grievance process always dismiss[es] my complaints." Dkt. #1. The 1996 Prison Litigation Reform Act requires prisoners to exhaust available administrative remedies before bringing a § 1983 action. 42 U.S.C. § 1997e(a). One of the purposes of the exhaustion requirement is to give "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525 (2002). *See also Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001) ("The exhaustion requirement provides the prison system with prompt notice of problems. This, of course, is preferable to a system where the prison might get its first notice of a claim in a lawsuit filed several years later just before the running of a statute of limitations."). Because Gulley admits that he did not put correctional officials on notice of his claims by exhausting his administrative remedies, his claims must be dismissed without prejudice, and he will not be able to bring these claims in a new action until he exhausts.

3

Even had Gulley properly exhausted his administrative remedies, he would not be able to proceed on his claims because only defendant he names in the complaint, the Wisconsin Secure Program Facility, is a non-suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). If Gulley chooses to file a new complaint following exhaustion of his administrative remedies, he will have to name as defendants the actual individuals who he believes violated or are violating his constitutional rights within WSPF. *Id.*; *see also Jackson v. Kotter*, 541 F.3d 688, 696–97 (7th Cir. 2008). In the meantime, if Gulley believes that he is still being subjected to conditions of confinement that are exacerbating his mental illnesses, the court encourages Gulley to show prison staff a copy of this order or the *Jones-El* case when he makes his formal complaints.

Gulley has also filed a motion for appointment of counsel in case no. 12-cv-207-wmc, but that motion will be denied as moot.

ORDER

IT IS ORDERED that:

1. Case no. 11-cv-843-wmc is DISMISSED for failure to state a claim for relief under federal law. A strike will be assessed in accordance with 28 U.S.C. § 1915(g).

2. Case no. 12-cv-207-wmc is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies.

3. Plaintiff's motion to appoint counsel in case no. 12-cv-207-wmc, dkt. #4, is DENIED as moot.

3. Plaintiff is obligated to pay the unpaid balance of his filing fees for these cases in monthly payments as described in 28 U.S.C. § 1915(b)(2). The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund account until the filing fees have been paid in full.

Entered this 23rd day of August, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge